UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHEEM STANLEY,<br><br>                                        Plaintiffs,<br><br>                -against-<br><br>MID-BRONX HAULAGE CORP., and ARNOLD SIRICO,<br><br><br><br>                                        Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded**<br><br> Index #: 16-cv-5254 |

Plaintiff RASHEEM STANLEY ("Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and New York Labor Law ("NYLL") Article 19 § 663; NYLL Article 6 §§ 190, *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to Plaintiff for work he performed for MID-BRONX HAULAGE CORP. ("Mid-Bronx") and ARNOLD SIRICO, and/or any other entities affiliated with or controlled by MID-BRONX HAULAGE CORP. and ARNOLD SIRICO (hereinafter collectively as "Defendants").

2.      Beginning in approximately July 2010 and through the present, Defendants engaged in a policy and practice of requiring the Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3.      Under the direction of Arnold Sirico, Defendant Mid-Bronx instituted this practice of depriving the Plaintiff of overtime compensation.

4.      The Plaintiff has initiated this action seeking compensation of earned but unpaid compensation, specifically unpaid overtime compensation, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5.      This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331.   This court has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6.      Venue is appropriate in this Court under 28 U.S.C. § 1391 as this action is brought in a judicial district where the Defendant resides.

## THE PARTIES

7.      The Plaintiff is an individual residing in the State of New York who performed labor as a waste collector for the Defendants.

8.      Upon information and belief, Defendant MID-BRONX HAULAGE CORP. is a corporation incorporated under the laws of the State of New York, with its principal location at 19 Carrie Court PO Box 1643, Smithtown, New York 11787.

9.      Upon information and belief, defendant ARNOLD SIRICO is a resident of New York at 8 Balsam Fir Loop, Wappingers Falls, New York 12590, and at all relevant times, is an owner, principal shareholder and/or director of Defendant Mid-Bronx.

10.      Upon information and belief, Arnold Sirico was an officer, director, and/or owner of Mid-Bronx and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees and (4) maintained employment records.

11.      Upon information and belief, Arnold Sirco, as the owner, officer and/or director

2

of Mid-Bronx, dominated the day-to-day operating decisions and made major personnel decisions.

12.     Upon information and belief, Arnold Sirico had complete control of the alleged activities of Mid-Bronx, which give rise to the claims brought herein.

**FACTS**

13.     Upon information and belief, since July 2010, Defendant employed the Plaintiff to perform work collecting and disposing of waste for Defendants' waste collection and disposal business.

14.     Upon information and belief, Plaintiff worked predominately or exclusively within the state of New York.

15.     Upon information and belief, Plaintiff was regularly required to perform work for Defendants without receiving overtime compensation as required by applicable federal and state laws.

16.     Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, the Defendant constitutes an "enterprise engaged in commerce."

17.     Upon information and belief, Defendant Mid-Bronx's gross yearly revenues are in excess of $500,000.00.

18.     Plaintiff Rasheem Stanley worked for Defendants as a driver from 2004 through the present.

19.     During Stanley's employment with Defendants, Stanley typically worked six (6) days per week.

20.     On Tuesday and Thursday, Stanley normally worked approximately six (6) hours per day.  On Monday, Wednesday, and Friday, Stanley normally worked approximately ten (10)

hours per day.  On Saturdays, Stanley normally worked approximately eight (8) hours per day.

Accordingly, Plaintiff Stanley normally worked in excess of 40 hours in a week.

21.     Stanley was paid approximately $28.00 per hour for only the first 40 hours in a

week.  For the work he performed on Saturday, Stanley would receive an additional flat daily

wage of $150.00 or $250.00.

22.     Plaintiffs Stanley typically worked in excess for forty (40) hours each week.

23.     Upon information and belief, while working for Defendants, Plaintiffs did not

receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the

time in which they worked after the first forty (40) hours in any given week.

24.     Defendant Sirico had the power to hire and fire Plaintiff, and to set Plaintiff's

wages and the methods of payment of his wages. Defendant Sirico constitutes an "employer"

within the meaning of the New York Labor Law and the FLSA

25.     Upon information and belief, Defendants willfully disregarded and purposefully

evaded recordkeeping requirements of the Fair Labor Standards Act and New York law by

failing to maintain proper and complete timesheets or payroll records.

**FIRST CAUSE OF ACTION**
**AGAINST THE DEFENDANT**
**FLSA OVERTIME COMPENSATION**

26.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 25

hereof.

27.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no

employer shall employ any of their employees who in any workweek is engaged in commerce or

in the production of goods for commerce, or is employed in an enterprise engaged in commerce

or in the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for their employment in excess of the hours above specified at

4

a rate not less than one and one-half times the regular rate at which he is employed."

28.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29.     The Plaintiff is an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

30.     Mid-Bronx and Arnold Sirico are "employers", within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

31.     Upon information and belief, Defendants failed to pay Plaintiff earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

32.     The failure of Defendants to pay Plaintiff his rightfully owed wages and overtime compensation was willful.

WHEREFORE, the Plaintiff demand judgment for:

(a) damages;

(b) liquidated damages;

(c) interest;

(d) attorneys' fees;

(e) costs of suit.

**SECOND CAUSE OF ACTION**
**AGAINST THE DEFENDANT**
**FOR NEW YORK OVERTIME COMPENSATION**

33.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 hereof.

34.    12 NYCRR §142-2.2 requires that "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply."

35.    Defendants failed to pay Plaintiff overtime wages for all hours worked over forty in any given week, in violation of 12 NYCRR § 142-2.2 and NYLL § 663.

36.    Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

37.    As persons employed for hire by Defendants, the Named Plaintiff is an "employee," as understood in Labor Law § 651 and case law interpreting the same.

38.    Mid-Bronx and Arnold Sirico are "employers" within the meaning of § 651.

39.    Defendants' failure to pay Plaintiff his earned overtime wages was willful.

WHEREFORE, the Plaintiff demand judgment for:

(a) damages;

(b) liquidated damages;

(c) interest;

(d) attorneys' fees;

(e) costs of suit.

WHEREFORE, Plaintiff demands judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on his second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(3)  any other and further relief the Court may deem appropriate.

Dated: New York, New York
       July 1, 2016

                                    VIRGINIA & AMBINDER, LLP

                            By:   /s/ Lloyd Ambinder_____
                                  Lloyd Ambinder, Esq.
                                  Jack L. Newhouse, Esq.
                                  Virginia & Ambinder, LLP
                                  40 Broad Street, 7th Floor
                                  New York, New York 10004
                                  (212) 943-9080
                                  *Attorneys for the Plaintiff*