```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/27/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEEM STANLEY,

                Plaintiff,

-against-

MID-BRONX HAULAGE CORP., and ARNOLD SIRICO,

                Defendants.

16 Civ. 5254 (AT)

JAMES RAYMOND, MARK LEE and JOSEPH LILLARD,

                Plaintiffs,

-against-

MID-BRONX HAULAGE CORP., ARNOLD SIRICO, and LOUIS PISACANO,

                Defendant.

15 Civ. 5803 (AT)

**ORDER**
**AND JUDGMENT**

ANALISA TORRES, District Judge:

      Plaintiffs James Raymond, Mark Lee, and Joseph Lillard bring this action against Defendants Mid-Bronx Haulage Corp. ("Mid-Bronx"), Arnold Sirico, and Louis Pisacano, alleging, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") (the "First Action"). First Action, No. 15 Civ. 5803, ECF No. 1. Plaintiff Rasheem Stanley brings a related action against Defendants Mid-Bronx and Arnold Sirico (the "Second Action"). Second Action, No. 16 Civ. 5254, ECF No. 23. Plaintiffs collectively move to confirm an arbitration award (the "Award") against Defendants. First Action, ECF No. 158; Second Action, ECF No. 41. Defendants "do not object to [Plaintiffs'] application to confirm the arbitration award" and note that they "have fully complied with the award." First Action, ECF No. 165. For the reasons stated below, the motion is GRANTED.

## BACKGROUND

      At all relevant times, Plaintiffs were members of Local 813, International Brotherhood of Teamsters (the "Union"). First Newhouse Decl. ¶ 3, First Action, ECF No. 159; Second Newhouse Decl. ¶ 3, Second Action, ECF No. 42. Defendants entered into a collective bargaining agreement with the Union (the "CBA") for the period of April 1, 2010 through March 31, 2013. First Newhouse Decl. ¶ 4. The terms and conditions of the CBA were extended

through March 31, 2017.  *Id.*  On or about April 14, 2017, the Union and Mid-Bronx executed a successor collective bargaining agreement (the "Successor CBA").  *Id.* ¶ 5.  The Successor CBA provides that "any disputes concerning or relating to an employee's wages and hours, including claims made pursuant to the [FLSA] and the [NYLL] shall also be subject to the grievance and arbitration procedure [contained in the CBA]."  Successor CBA § 7, First Action, ECF No. 159-2.

On July 23, 2015, the First Action was commenced in the Southern District of New York.  First Newhouse Decl. ¶ 7.  On August 25, 2016, the Second Action was commenced in the Southern District of New York and marked as related to the First Action.  Second Newhouse Decl. ¶ 7.  The Second Action was stayed pending the outcome of a summary judgment motion in the First Action.  *Id.* ¶ 8.  On November 3, 2018, the Honorable Richard J. Sullivan stayed the First Action and granted Defendants' motion to compel arbitration pursuant to the Successor CBA.  First Newhouse Decl. ¶ 8.

On February 21, 2018, arbitrator Stanley L. Aiges issued an award finding that the grievance procedure in the Successor CBA applied retroactively to Plaintiffs and ordered that their FLSA disputes were subject to arbitration.  *Id.* ¶ 10.  A hearing in both actions was held before arbitrator Martin Scheinman on November 7, 2018.  *Id.* ¶ 11.  On December 21, 2018, Arbitrator Scheinman issued an award against Mid-Bronx requiring the payment of $25,000 to Mark Lee and James Raymond, $15,000 to Joseph Lillard, and $10,000 to Rasheem Stanley (the "Award").  *Id.* ¶ 12; *see also* Arbitrator Op., First Action, ECF No. 159-4.  Plaintiffs' counsel, Virginia & Ambinder, LLP, was awarded $315,000 in attorneys' fees and costs.  *Id.* at 10.  Mid-Bronx has satisfied the judgment in its entirety.  First Newhouse Decl. ¶ 14.

## DISCUSSION

I.    <u>Legal Standard</u>

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).  The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA.  9 U.S.C. § 9; *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040, 2016 WL 6952345, at *2 (S.D.N.Y. Nov. 28, 2016).

> Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers."  Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."

*Finkel v. Pomalee Elec. Co., Inc.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 577 (2008)) (alterations in original).

District courts have a "narrowly limited" role when reviewing arbitration awards. *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013). The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation. *Id.* Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [motion] to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110. Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Respondent has not opposed confirmation of the Award, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II. <u>Analysis</u>

Plaintiffs argue that they are entitled to confirmation of the Award in all respects. The Court agrees.

Plaintiffs have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award. The undisputed evidence demonstrates that: (1) Defendants are bound by the CBA and the Successor CBA; (2) the Successor CBA provides for arbitration of "any disputes concerning or relating to an employee's wages and hours, including claims made pursuant to the [FLSA] and the [NYLL] shall also be subject to the grievance and arbitration procedure [contained in the CBA]," Successor CBA § 7; (3) a dispute arose when Plaintiffs alleged that Defendants failed to pay overtime compensation as required under the FLSA and NYLL; (4) an arbitration hearing was held on November 7, 2018, Arbitrator

3

Op. at 5; and (5) on December 21, 2018, the arbitrator issued an award in favor of Plaintiffs, *id.* at 10.

After holding a hearing and reviewing evidence, the arbitrator awarded a judgment against Mid-Bronx requiring the payment of $75,000 in total to Plaintiffs and $315,000 in attorneys' fees and costs. First Newhouse Decl. ¶ 13; Arbitrator Op. at 10. The Award is based on "the parties' arguments and submissions and the specific factual circumstances in this action." *Id.* at 9. It is not disputed, nor is there any evidence in the record suggesting that the Award is incorrect. Additionally, the Award has not been vacated or modified and no application for such relief is currently pending. First Newhouse Decl. ¶ 15. Accordingly, the Court confirms the Award.

## CONCLUSION

For the reasons stated above, the motion to confirm the Award is GRANTED. The Clerk of Court is directed (1) to enter judgment against Defendant Mid-Bronx Haulage Corp. in favor of Plaintiff James Raymond in the amount of $25,000; Plaintiff Mark Lee in the amount of $25,000; Plaintiff Joseph Lillard in the amount of $15,000; Plaintiff Rasheem Stanley in the amount of $10,000; and Plaintiffs' counsel, Virginia & Ambinder, LLP, in the amount of $315,000 in attorneys' fees and costs, and (2) to close the cases.

SO ORDERED.

Dated: March 27, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge